IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS A. GRANDINETTI, II, #A0185087, | CIV. NO. 15-00081 SOM/KSC |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g) |
| vs. | |
| ACTING SERGEANT F. MARTINEZ, et al., | |
| Defendants. | |

## ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is pro se Plaintiff Francis Grandinetti's prisoner civil rights complaint and exhibits. Compl., Doc. No. 1. Grandinetti is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. Grandinetti complains that SCC prison officials accused him of shredding his mattress, possessing a "shank," and threatening a guard. They then placed him on suicide watch in a "strip-out" cell. *Id.* He seeks a Department of Justice investigation in Honolulu regarding these claims. He also alleges that these events justify his release. *Id.* ("This incident of 03/05/2015 is appropriate for federal habeas corpus in Honolulu."). Grandinetti's action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. RELIEF SOUGHT

Grandinetti labels this pleading as a "Complaint, TRO and PI Application," and states, "Habeas Corpus and Bivens Relief Sought." Compl., Doc. No. 1. He also refers to "28 U.S.C. § 1915(g) PLRA," in the title, apparently notifying the court he has three strikes under 28 U.S.C. § 1915(g), and preemptively challenging a finding that he may not proceed *in forma pauperis* ("IFP"). *See id.; see also Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005)(recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties). Because Grandinetti clearly challenges the conditions of his confinement, the court construes his pleading as asserting civil rights claims under 42 U.S.C. § 1983.

## II. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment IFP if he has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the

district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Once the district court has identified three cases that qualify as strikes, the prisoner has been put on notice as to what the court considered in denying IFP. *Id.* The prisoner then bears the burden of persuading the court that the prior dismissals did not qualify as strikes. *Id.*

Grandinetti has accrued three strikes under 28 U.S.C. § 1915(g), has been notified of these strikes many times, and has been informed that he may not proceed IFP unless he is in danger of serious physical injury. *See, e.g.*, *Grandinetti v. FDC Seg. Unit Staff*, 420 Fed. Appx. 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK/RLP; *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS/BMK; *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG/LEK.

### IV. NO IMMINENT DANGER

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). This exception

3

only "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055 (citations omitted). The allegations in the complaint are the focus of the inquiry. *Id.*; *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*). Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Grandinetti's allegation that Defendants watched and recorded him shred his mattress, then placed him on suicide watch, does not plausibly suggest that he was in imminent danger of serious physical injury when he submitted this Complaint or when he shredded the mattress. Nothing else within his pleading suggests that Grandinetti was in imminent danger of serious physical injury when he filed this action. Grandinetti may not proceed IFP in this action, and he did not concurrently pay the civil filing fee when he commenced this action.

### III. CONCLUSION

Grandinetti fails to carry his burden of showing in his Complaint that he was in imminent danger of serious physical injury when he brought this action. His own statements refute such a finding. He may not proceed without prepayment of the civil filing fee. This action is DISMISSED without prejudice

4

pursuant to 28 U.S.C. § 1915(g).  Grandinetti may move within twenty-eight days to reopen this action for just cause, or he may reassert his claims in a new action, with concurrent payment of the $400.00 filing fee.  Any pending motions are DISMISSED.

The March 19, 2015, Deficiency Order is VACATED.  The Clerk shall close this case and note on the docket that this dismissal is without prejudice pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Martinez, et al.*, 1:15-cv-00081 SOM/KSC; 3 Stks 2015; J:\PSA Draft Ords\SOM\Grandinetti 15-81 SOM  (1915(g) shred mattress, no imm. dng).wpd