IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS A. GRANDINETTI, II, #A0185087, | CIV. NO. 15-00081 SOM/KSC |
| Plaintiff, | ORDER DENYING MOTION TO EXTEND OR ENLARGE TIME TO APPEAL |
| vs. | |
| ACTING SERGEANT F. MARTINEZ, et al., | |
| Defendants. | |

**<u>ORDER DENYING MOTION TO EXTEND OR ENLARGE TIME TO APPEAL</u>**

On March 30, 2015, the court dismissed this action without prejudice to reopening upon payment of the civil filing fees within twenty-eight days, pursuant to 28 U.S.C. § 1915(g). *See* Doc. Nos. 4 and 5.

The court received and filed Plaintiff's notice of appeal ("NOA") on June 1, 2015. Doc. No. 9. Plaintiff signed and apparently tendered the NOA to prison authorities for mailing to the court on or about May 28, 2015. *See* Doc. No. 9-1. The court accepts this date as the NOA's constructive date of filing; *see also Houston v. Lack*, 487 U.S. 266, 273 (1988). The NOA states, "an appeal is taken within about 60 days from judgment herein. The federal-agent '90-day schedule' is pled as governing." Doc. No. 9.

On June 4, 2015, the court received and filed Plaintiff's motion for an extension of time to appeal, brought pursuant to Federal Rule of Appellate Procedure 4(a). Doc. No. 10. Plaintiff states that the "60-day deadlines in [this case] should end around May 30, 2015." *Id.* The Motion was also signed and apparently given to prison authorities for mailing on May 28, 2015.

## I. DISCUSSION

Plaintiff does not satisfy the requirements for extending the time to file a notice of appeal or to reopen the time to appeal. First, notwithstanding Plaintiff's representations to the contrary, this action was not brought against and does not otherwise involve federal parties. Rather, this case involves an incident that allegedly occurred at the Saguaro Correctional Center ("SCC").[1] SCC, a private prison located in Eloy Arizona, is owned and operated by the Corrections Corporations of America. *See* http://www.cca.com/locations. The Hawaii Department of Public Safety contracts with Corrections Corporations of America to house several thousand Hawaii state prisoners at SCC. That neither makes SCC a federal correctional facility nor makes Plaintiff a federal prisoner. Plaintiff is therefore not entitled to file his NOA within 60 days after the

---

[1] Plaintiff complained that SCC prison officials accused him of shredding his mattress, possessing a "shank," and threatening a guard. Compl., Doc. No. 1.

entry of judgment, as he argues.  Neither the United States, any of its agencies, nor any United States officer or employee in an individual or official capacity is identified as a party to this action.  *See* Fed. R. App. P. 4(a)(B)(i-iv).  Plaintiff's unsupported claim that SCC is a "branch" of FDC-Honolulu, or that this action is brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), or is a multi-district class action cannot transform a nonfederal party into a federal actor.

Second, Plaintiff is not entitled to an extension of time to file an NOA or to reopen the time to appeal.  Under Rule 4 of the Federal Rules of Appellate Procedure, a district court may extend the time to file an NOA if a party moves no later than thirty days after the time prescribed by Rule 4(a) expires, and that party shows excusable neglect or good cause.  Fed. R. App. P. 4(a)(5)(A).  Although Plaintiff moves within thirty days after April 29, 2015, the date his time for appeal expired, he fails to provide any explanation justifying a finding of excusable neglect or good cause.

To find excusable neglect, the court must consider the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the moving party's

conduct was in good faith. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)(*en banc*). While there is no prejudice to the nonmoving parties here, who have not been served, and little discernible impact on any judicial proceeding, Plaintiff nonetheless fails to show excusable neglect. Plaintiff clearly knew the date this action was dismissed, as he calculates the deadline for appeal as expiring sixty days thereafter. Plaintiff's only justification for the untimeliness of his NOA is that he allegedly believed he had sixty days -- not thirty -- to appeal. Thus, the time to appeal was always within Plaintiff's reasonable control. His failure to construe Rule 4 correctly is not excusable neglect. "Although the [appellate courts] have generally recognized that 'excusable neglect' may extend to inadvertent delays . . . inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391-92 (1993).

Moreover, the court finds no good cause for Plaintiff's failure to timely file his NOA, and cannot conclude from the record that the appeal was taken in good faith. Plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g), his pleadings fail to show he was in imminent danger of serious physical injury when he filed the complaint, and he does not even address this issue in his NOA or in the Motion. After considering the factors

weighing for and against allowing an extension, the court determines that Plaintiff fails to demonstrate that his NOA is untimely through excusable neglect or good cause.

The court may otherwise reopen the time to file an appeal for a period of fourteen days after the date an order to reopen is entered, if all of the conditions of Rule 4(a)(6) are satisfied. These conditions include a finding that (1) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within twenty-one days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or, within fourteen days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (3) no party would be prejudiced. *See* Fed. R. App. P. 4(a)(6).

The docket reflects that Plaintiff was sent copies of the Order dismissing this action and the judgment on March 30, 2015, and they were not returned. *See* Doc. Nos. 4, 5. There is no other indication that Plaintiff failed to receive these notices, and he does not argue this. Rather, Plaintiff's statements make clear that he received these notices and was well aware of the operative date from which the time to appeal ran. Plaintiff is not entitled to have the time to appeal reopened under Fed. R. App. P. 4(a)(6).

Plaintiff does not otherwise demonstrate a basis for relief with regard to his untimely appeal. Plaintiff's NOA is untimely and his Motion for an Extension of Time on Appeal is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 9, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Martinez, et al.*, 1:15-cv-00081 SOM/KSC; 3 Stks 2015; J:\PSA Draft Ords\SOM\Grandinetti 15-81 SOM (FRAP 4, ext. time app.).wpd